IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RUPERTO VALLE-PORCALLO,** § | | |
| **#50112-279,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | 3:12-CV-0980-M-BK | |
| § | | |
| **K. DIXON,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge. Petitioner, a federal prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. For the reasons that follow, it is recommended that the petition be summarily dismissed with prejudice.

**I. BACKGROUND**

Following his guilty plea to aiding and abetting the transportation of unlawful aliens, Petitioner was sentenced to a 15-month term of imprisonment and a 3-year term of supervised release, and was ordered to pay a $100 special assessment. *United States v. Valle-Porcallo*, No. 2:05-CR-00626 (S.D. Tex., Corpus Christi Div., Sep. 27, 2011) (docket sheet and judgment available on PACER). On the same day, upon his guilty plea to failure to appear, Petitioner was sentenced to a 6-month term of imprisonment (to be served consecutively to the sentence in No. 2:05-CR-0626) and a 3-year term of supervised release, and was ordered to pay a $100 special assessment. *United States v. Valle-Porcallo*, No. 2:06-CR0067 (S.D. Tex., Corpus Christi Div., Sep. 27, 2011) (docket sheet and judgment available on PACER). Direct criminal appeals are

presently pending in both cases in the Court of Appeals for the Fifth Circuit.

In his federal petition, Petitioner asserts Respondent is erroneously charging him a $200, instead of a $100, special assessment. (Doc. 3 at 5.) He contends he was sentenced on two criminal counts during the same hearing, and that the sentencing court mentioned only a $100 special assessment. *Id.*[1]

## II. ANALYSIS

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing for summary dismissal of habeas petition).[2]

Petitioner alleges no facts suggesting that Respondent is improperly collecting the $200 special assessment. Indeed, contrary to his allegations, Petitioner admits he pled guilty and was convicted and sentenced in two separate criminal cases. The respective judgments of conviction correctly impose a special assessment of $100 for each case. Thus, because Petitioner's claim is meritless and frivolous, the petition is subject to summary dismissal.

---

[1] Although venue for this habeas corpus action is more appropriate in the Lubbock Division of the Northern District of Texas where Petitioner is confined, *see* 28 U.S.C. § 2241(d), it is more efficient to dismiss the petition, in light of the frivolous nature of the claim, than to transfer it to the Lubbock Division.

[2] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Section 2254 Rules are applicable to habeas petitions not covered under section 2254.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** with prejudice.

SIGNED April 30, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE